**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| GILBERTO R. DIAZ, | ) | No. EDCV 08-445 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

### I.  BACKGROUND

Plaintiff Gilberto Diaz was born on February 6, 1964, and was forty-three years old at the time of his administrative hearing. [Administrative Record ("AR") 8, 191.]  He has a fifth grade education in Mexico and past relevant work experience as a construction worker,

1

fruit picker and packager, cement laborer, and furniture assembler and installer. [AR 16, 236.]  Plaintiff alleges disability on the basis of a gun shot wound to his chest and weakness in his right hand and leg. [AR 138.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on April 1, 2008, and filed on April 10, 2008.  On October 7, 2008, defendant filed an answer and plaintiff's Administrative Record ("AR").  On December 9, 2008, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on January 22, 2007, alleging disability since February 4, 2006. [AR 126.]  After the applications were denied initially and on reconsideration, plaintiff requested an administrative hearing, which was held on October 25, 2007, before Administrative Law Judge ("ALJ") John W. Belcher. [AR 8.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff, third party witness Gloria Avila, medical expert Sami Nafoosi, and vocational expert Sandra Fioretti. [AR 9.]  The ALJ denied benefits in a decision filed on November 23, 2007.  [AR 126-35.]  When the Appeals Council denied review on February 26, 2008, the ALJ's decision became the Commissioner's final decision. [AR 2-4.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or

ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir. 2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." <u>Reddick</u>, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." <u>Id</u>. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Id</u>. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

### V. DISCUSSION

#### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at

721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date (step one); that plaintiff had "severe" impairments, namely status post gunshot wound to the chest with residual weakness and pain and hepatitis manifestations, etiology unknown (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 128.] The ALJ found that plaintiff had an RFC for light work except that he is unable to reach above shoulder level with his right arm and is precluded from power gripping or twisting with his right hand. [AR 130.] The ALJ also found that plaintiff "is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English." [AR 134.] The ALJ concluded that this RFC would preclude plaintiff from doing his past relevant work (step four). [AR 133.] The vocational expert testified that a person with plaintiff's RFC could perform work in significant numbers in the national economy, such as bench assembler, hand packager inspector or small products

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

assembler (step five). [AR 42-43.]  Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 135.]

**C.   ISSUES IN DISPUTE**

The Joint Stipulation sets out the following disputed issues:

1. Whether the ALJ properly found that plaintiff could perform other jobs in the national economy based on plaintiff's illiteracy in English; and

2. Whether the ALJ posed a complete hypothetical question to the vocational expert.

[JS 2.]

As discussed below, Issue One is dispositive.

**D.   ILLITERACY IN ENGLISH**

During the administrative hearing, plaintiff testified with the aid of a Spanish language interpreter. [AR 10.]  Plaintiff stated that he has a fifth grade education in Mexico, that he can read and write in Spanish, and that he can read and write "a little bit of English." [AR 16.]  The ALJ made the finding that plaintiff "is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English." [AR 134.]  In the hypothetical questions posed to the vocational expert, the ALJ posited

> an individual with a fifth grade education who can read and write in Spanish, but can read only a little English, read and write only a little English.  His English speaking skills, he at least understands some English because of his reactions to my questions today.  I think he's understood some of them.  His writing or speaking skills are probably very limited."

[AR 41.]

The vocational expert testified that such an individual could perform the jobs of bench assembler, hand packager inspector, and small products assembler. [AR 42-43.]  Accordingly, the ALJ found that

plaintiff was not disabled.

Plaintiff challenges the ALJ's finding, pointing out that, according to the Dictionary of Occupational Titles ("DOT"), the jobs cited by the vocational expert require language skills that exceed plaintiff's limitations in communicating in English. [JS 3-4.] Specifically, the jobs of bench assembler (DOT Code: 706.684-042) and hand packager inspector (DOT Code: 559.687-074) require Language Level 2 and a certain level of writing ability, including:

> Passive vocabulary of 5000-6000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling and pronunciation. Read instructions for assembling model cars and airplanes . . . Write compound and complex sentences, using cursive style, proper end punctuation, and employing adjectives and adverbs.

The remaining job, small products assembler (DOT Code: 739.687-030) requires Language Level 1 and a lower level of writing ability, including:

> Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers . . . Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses.

Plaintiff argues that the inconsistency between the vocational expert's testimony and plaintiff's limitations requires remand for further proceedings. [JS 4.]

The Ninth Circuit addressed a similar case in Pinto v. Massanari, 249 F.3d 840, 843 (9th Cir. 2001). In Pinto, the vocational expert testified that the claimant, who was illiterate in English, could perform her past relevant work as a hand packager, which requires Language Level 1, as it was generally performed in the national economy. Id. The Ninth Circuit found that the ALJ "although noting Pinto's limitation in both his findings of fact and hypothetical to

the vocational expert, failed to explain how this limitation related to his finding that Pinto could perform her past relevant work as generally performed." Id. at 847.  Because the ALJ appeared to have relied on a job description in the DOT that failed to comport with Pinto's noted limitations without definitively explaining the deviation, reversal was required.  Id.

For the same reasons, reversal is required here.  Although the ALJ took into account plaintiff's English-language illiteracy in the RFC finding and the hypothetical question asked to the vocational expert, the jobs cited by the vocational expert and relied upon by the ALJ, which require at least Language Level 1 proficiency, deviated from plaintiff's noted limitations without persuasive evidence to support the deviation.  See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  Accordingly, remand for additional proceedings is required.  Pinto, 249 F.3d at 843; see also Mora v. Astrue, 2008 WL 4076450 at *3-4 (C.D. Cal., Dec. 1, 2008)(remanding for further proceedings when ALJ failed to explain finding that plaintiff could perform job with Language Level 1 requirement when she was illiterate in English).

**E.   REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility).  However, where there are outstanding issues that must be resolved

before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. <u>Id</u>. Here, as set out above, outstanding issues remain before a finding of disability can be made. Accordingly, remand is appropriate.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED.**

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: January 26, 2009

_____/S/_____
CARLA M. WOEHRLE
United States Magistrate Judge